**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**DIANNE HAAG,**

**Plaintiff,**

**v.** **CASE NO.:**

**AT&T SERVICES, INC.,**

**Defendant.**
**______________________________________/**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **DIANNE HAAG**, by and through undersigned counsel, brings this action against Defendant, **AT&T SERVICES, INC.**, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C § 621 et seq., and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Southern District of Florida, West Palm Beach Division, because all of the events giving rise to these claims occurred in Palm Beach County, Florida with venue located in this Court.

## PARTIES

4. Plaintiff is a resident of Palm Beach County, Florida, and during all times material and relevant hereto, Plaintiff worked for Defendant at its office location in Palm Beach County, Florida.

5. Defendant is a foreign for-profit corporation qualified to conduct business in the State of Florida and operates its business in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff when Defendant interfered with Plaintiff's rights under the FMLA, including without limitation, Defendant failing to advise Plaintiff of her rights under the FMLA and otherwise refusing Plaintiff's requests to continue a medical leave of absence relating to her serious health conditions.

7. This is an action to recover damages suffered by Plaintiff when (a) Defendant discriminated against Plaintiff based on her disabilities, (b) Defendant retaliated against Plaintiff for requesting reasonable accommodations in violation of the ADA and (c) Defendant retaliated against Plaintiff for objecting to Defendant's violation of the ADA, in violation of the ADA.

8. This is an action to recover damages suffered by Plaintiff when Defendant retaliated against Plaintiff for objecting to Defendant's violation of the ADEA, in violation of the ADEA.

9. Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10. At all material times hereto, Plaintiff was Defendant's "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

11. At all times material hereto, Defendant employed twenty (20) or more employees; thus, Defendant is an "employer" within the meaning of the ADEA and ADA.

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA and ADA.

13. Defendant acted through its officers, directors, employees, agents, servants and/or representatives at all times during the Plaintiff's employment with the Defendant.

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

**FACTS**

17. After previously working for Defendant, Plaintiff began working again for Defendant in or around November 2007 with her last position being compliance analyst.

18. During Plaintiff's tenure with Defendant, Plaintiff satisfactorily performed the essential duties of her position.

19. In or around August 2017, Plaintiff began suffering from serious health conditions related to depression and anxiety within the meaning of the FMLA.

20. In or around August 2017, Plaintiff was suffering from her disabilities affecting her emotional wellbeing, including anxiety, stress, depression, and chest pains.

21. In or around September 2017, Plaintiff promptly put Defendant on notice of Plaintiff's serious health conditions and disabilities.

22. Following Plaintiff putting Defendant on notice of Plaintiff's disabilities, Defendant unlawfully: (i) discriminated against Plaintiff, (ii) subjected Plaintiff to different terms and conditions of her employment, and subjected Plaintiff to a severe and pervasive hostile and

harassing work environment, including without limitation, (a) Defendant denying Plaintiff the ability to take time off from work to attend a funeral and (b) Defendant denying Plaintiff the ability to take time off from work to be with her son during his eye surgery.

23. Based on Defendant's unlawful conduct described above and the negative effects on Plaintiff's disabilities, in February 2018, Plaintiff requested that Defendant grant her the reasonable accommodation to go on short term disability.

24. At the same time that Plaintiff requested reasonable accommodations to go on short term disability, due to Plaintiff's serious health conditions, Plaintiff was required to go on medical leave for her related serious health conditions.

25. Defendant was on notice of Plaintiff's requirement to take medical leave relating to her serious health conditions.

26. Although Plaintiff was entitled to take up to 12 weeks of FMLA medical leave and Plaintiff requested to be on medical leave at least through April 2, 2018, Defendant only permitted Plaintiff to take medical leave from February 19, 2018 through March 15, 2018.

27. Specifically, even though Plaintiff was entitled at that time to FMLA medical leave up to a period of 12 weeks, Defendant hindered Plaintiff's ability to take her full 12 weeks of FMLA medical leave by informing Plaintiff that if Plaintiff did not return to work by April 2, 2018 Plaintiff would be terminated.

28. As such, based on Defendant's threat of termination, Plaintiff was forced to forgo taking up to 12 weeks of FMLA medical leave for her serious health conditions and return to work on April 2, 2018.

29. Under the FMLA, Plaintiff was entitled to take up to take FMLA medical leave for treatment of her serious health conditions without being terminated by Defendant so long as the Plaintiff did not exceed the statutory maximum leave time.

30. When Plaintiff returned early to work from medical leave as required by Defendant to avoid being terminated, Plaintiff was subject to an unlawful retaliatory and hostile work environment for going on medical leave, including without limitation, placing Plaintiff on a performance improvement plan in May 2018 and refused to allow Plaintiff to apply for other positions with Defendant, which continued through and culminated with Defendant's unlawful termination of Plaintiff's employment on or about August 24, 2018.

31. At the same time when Plaintiff returned to work after exercising her right to request reasonable accommodations to take short term disability, Plaintiff was also subjected to an unlawful retaliatory and hostile work environment for exercising her rights to request reasonable accommodations to take short term disability, including without limitation, placing Plaintiff on a performance improvement plan in May 2018 and refused to allow Plaintiff to apply for other positions with Defendant, which continued through and culminated with Defendant's unlawful termination of Plaintiff's employment on or about August 24, 2018.

32. After being placed on the unlawful retaliatory performance improvement plan and being denied the ability to apply for other positions with Defendant, Plaintiff objected and complained to Defendant that Plaintiff was being discriminated against based on her disabilities, requests for reasonable accommodations, her age.

33. Following Plaintiff's complaints and objections to Defendant's unlawful conduct, Defendant continued to further unlawfully retaliate against Plaintiff, including without limitation, (i) Defendant increasing the monitoring and harassment of Plaintiff relating to the performance

improvement plan and (ii) Defendant ostracizing Plaintiff from the other employees by not inviting Plaintiff to luncheons with the other employees.

34. Again, Plaintiff objected and complained to Defendant regarding Defendant's unlawful conduct and the ongoing retaliation against her.

35. However, instead of Defendant taking any corrective or remedial action, Defendant continued its unlawful retaliatory conduct against Plaintiff, including on or about August 24, 2018, Defendant unlawfully terminated Plaintiff by stating to Plaintiff that Plaintiff if Plaintiff did not resign from her position that Defendant would terminate Plaintiff's employment forcing Plaintiff on or about August 27, 2018 to submit a resignation letter.

36. On or about March 4, 2019, Defendant filed a Charge of Discrimination No. 511-2019-01974 with the Equal Employment Opportunity Commission ("EEOC").

37. On or about June 18, 2019, the EEOC issued Plaintiff her Notice of Right to Sue and less than ninety (90) days have elapsed since such time.

**COUNT I – FMLA VIOLATION**
**(Interference)**

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as fully set forth herein.

39. Plaintiff required medical leave off from work to care for herself which under the FMLA provided her with up to 12 weeks of protected medical leave.

40. Defendant was aware of Plaintiff's serious health conditions and need for FMLA medical leave; however, Defendant unlawfully failed to provide Plaintiff notice of her rights under the FMLA.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

**COUNT II – FMLA VIOLATION**
**(Retaliation)**

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as fully set forth herein.

44. Plaintiff required medical leave off from work to care for herself, requiring up to 12 weeks of medical leave protected under the FMLA.

45. Defendant was aware of Plaintiff's serious health conditions and need for FMLA medical leave; however, Defendant unlawfully failed to provide Plaintiff notice of her rights under the FMLA.

46. Notwithstanding Defendant being aware that Plaintiff was eligible for FMLA medical leave, Defendant unlawfully retaliated against Plaintiff for taking medical leave, including without limitation, Defendant's unlawful termination of Plaintiff's employment on or about August 24, 2018.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(j) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(k) An injunction restraining continued violation of the FMLA by Defendant;

(l) Compensation for lost wages, benefits, and other remuneration;

(m) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(n) Front pay;

(o) Liquidated Damages;

(p) Prejudgment interest on all monetary recovery obtained;

(q) All costs and attorney's fees incurred in prosecuting these claims; and

(r) For such further relief as this Court deems just and equitable.

**COUNT III – ADEA VIOLATION**
**(Retaliation)**

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

50. As an individual who is over forty (40) years of age, Plaintiff is a member of a protected class under the ADEA.

51. Plaintiff was unlawfully retaliated against by Defendant based on Plaintiff exercising her rights by complaining and objecting to Defendant's unlawful age discrimination against her, including without limitation, Defendant's unlawful termination of Plaintiff's employment on or about August 24, 2018.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**COUNT IV – ADA VIOLATION**
**(Disability Discrimination)**

54. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

55. Plaintiff is a member of a protected class under the ADA.

56. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability, including without limitation, unlawfully subjecting Plaintiff to different terms and conditions of her employment and creating a severe and pervasive hostile and harassing work environment.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

j) A jury trial on all issues so triable;

k) That process issue and that this Court take jurisdiction over the case;

l) That this Court enter an injunction restraining continued violation of the ADA;

m) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

n) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

o) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

**COUNT V – ADA VIOLATION**
**(Retaliation)**

59. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

60. As a qualified individual with disabilities whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

61. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations for her disabilities.

62. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's violation of the ADA.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

64. Defendant's actions were willful and done with malice.

65. The adverse employment action that Defendant took against Plaintiff was material.

66. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of July, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**
and

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Dr., Suite 426
Largo, FL 33770
Telephone: 727-316-5330
Facsimile: 727-499-7322
Email: scott@theweaverlawfirm.com
**Attorney for Plaintiff**